IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60164
Summary Calendar

_____

JOHN W. JEMISON,

Plaintiff-Appellant,

versus

GRADY F. TOLLISON, JR; MICHAEL R.
WALL; TOLLISON LAW FIRM; TOLLISON
AUSTIN & TWIFORD, A Partnership,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:97-CV-181-D-D
_____

March 1, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this legal malpractice action,[1] the plaintiff, John
Jemison, seeks review of the district court's grant of summary
judgment for the defendants, Grady Tollison, Michael Wall, Tollison
Law Firm, and Tollison Austin & Twiford. The instant litigation
arises out of the defendants' prior representation of Jemison in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]The plaintiff also alleges claims for breach of fiduciary
duties, breach of contract of employment, negligence, fraud,
conspiracy, and violations of the Racketeer Influenced and Corrupt
Organizations Act ("RICO"), 18 U.S.C. 1962 (West 1999). However,
as the district court observed, because the legal malpractice claim
is the only one that does not "border on frivolity," we will focus
primarily on that claim.

connection with a suit filed against him on February 28, 1991, in the Circuit Court of DeSoto County, Mississippi, for nonpayment of two loans. In the underlying litigation, Jemison retained the services of Tollison and Wall to represent him against Sunburst Bank. Prior to trial, Jemison terminated his relationship with Tollison and Wall. Ultimately, a jury returned a verdict for Sunburst on all claims, and Jemison was sanctioned by the court under Mississippi Rules of Civil Procedure 11 and 56 due to the "frivolous nature" of his pleadings.

On October 2, 1997, Jemison filed the present action against Tollison, Wall, and the two law firms with which the attorneys worked during their representation of Jemison in the Sunburst matter. On August 31, 1998, the defendants moved for summary judgment. Following extensive discovery, conducted between April 10, 1998 and February 16, 1999, the district court granted the defendants' motion for summary judgment holding that "[n]o reasonable trier of fact could find for Mr. Jemison on any of his claims." On March 4, 1999, Jemison filed a timely notice of appeal with our court.

Jemison seeks review of two issues: (1) "Did the trial court improperly dispose of defendants' summary judgment motion by not granting plaintiff more discovery time and/or requiring defendants to comply with all outstanding discovery requests;" and (2) "Does the record support a grant of summary judgment to defendants."

Focusing on the first issue, Jemison seeks review of the district court's denial of his motion for additional discovery. The district court's decision to deny an extension of discovery is granted great deference and is reversed only upon a showing of an abuse of discretion. See Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 918 (5th Cir. 1992)(citing Landry v. Airline Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990)). The record indicates that the defendants provided the court copies of all of their responses to the plaintiffs discovery requests, and that the defendants had "complied" will all such requests. Further, the failure of Jemison to comply with Federal Rule of Civil Procedure 56(f) to keep open the doors of discovery following the filing of defendants' motion for summary judgment was a result of his own negligence. The facts in this case simply do not fall within the very narrow exception carved out by our court in International Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1267-68 (5th Cir. 1991), for circumstances where an inequitable result would be reached if the court did not allow the non-movant to conduct further discovery before ruling on the motion for summary judgment despite the failure of the non-movant to comply with the strict dictates of Fed.Rul.Civ.P. 56(f). Thus, the district court did not abuse its discretion in denying Jemison's motion for additional discovery.

Turning to the second issue, Jamison seeks review of the district court's grant of summary judgment for the defendants.

Jemison argues that "under the facts before the court, [he] was entitled to go to the jury with his claims against the defendants." He argues that the evidence in the record clearly demonstrated that he suffered "disastrous" and "grievous injury" as a result of the alleged malpractice committed by the defendants in connection with the predicate litigation. Specifically, Jamison points to the defendants' decision not to oppose Sunburst's motion for a brief continuance in the underlying matter as one instance of malpractice, which resulted in Jamison's interests being "severely injured." Further, Jemison argues that "the very tone of the [district court's] opinion reveals the failure of the trial court to treat [his] claims with the seriousness and respect they deserve and to which he as a litigant is entitled." Thus, he argues, the "Judgment Order below must be reversed."

We review the district court's grant of summary judgment de novo, applying the same criteria employed by the district court. See Conklin v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). In determining whether summary judgment is proper, a court must evaluate whether a genuine issue of material fact exists, and if it does not, whether the moving party is entitled to a judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Summary judgment is proper where the plaintiff has failed to establish the existence of an element of his claim in the light of the necessary burden of proof required at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4

After reviewing the record in this case, it is clear that Jemison has failed to come forward with even one scintilla of evidence demonstrating that a genuine issue of material fact exists on the issue of whether the alleged negligence on the part of the defendants was the proximate cause of his injury.[2] As the district court correctly noted, "there is no genuine issue as to whether any negligence on the part of the Defendants caused Mr. Jemison's injury." The evidence adduce in the predicate trial clearly demonstrated that Jemison had defaulted on a $76,000 loan from Sunburst, and that his claims for nonpayment were devoid of evidentiary support. Further, Jemison has failed to show how the defendants consenting to a continuance of the trial in the underlying litigation caused him injury. There is simply no evidence to support Jemison's claim that had the trial been conducted as originally scheduled the outcome would have been different, or that he suffered great financial injury as a result of the defendants' decision not to oppose Sunburst's request for a continuance. Thus, because Jemison has failed to come forward with any evidence on this essential element of his claim for legal

---

[2]Under Mississippi law, in order to make a prima facia case for legal malpractice, the plaintiff must prove by a preponderance of the evidence: (1) the existence of a lawyer-client relationship; (2) negligence on the part of the lawyer in handling his client's affairs entrusted to him; and (3) that the negligence was the proximate cause of the injury suffered by the plaintiff. See Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1215 (Miss. 1996).

malpractice, the defendants are entitled to summary judgment on this claim.[3]

In sum, because Jemison has failed to demonstrate that the district court abused its discretion in denying his motion for additional discovery, or that the district court erred in entering summary judgment for the defendants, the judgment of the district court is

A F F I R M E D.[4]

---

[3]The defendants are likewise entitled to summary judgment with respect to Jemison's other claims. Jemison has failed to offer sufficient evidence to demonstrate that a genuine issue of material fact exists with respect to essential elements of these claims. As the district court correctly noted, Jemison's negligence claim fails "for the same reason his legal malpractice claim fails-insufficient evidence of causation." His fraud claim fails because "he does not offer any evidence of a false misrepresentation or reasonable reliance, much less causation." His claim for breach of fiduciary duties fails because "there is no proof of any breach or, again, causation. His claim for breach of contract fails because there is no proof of any breach. Finally, his federal RICO claim fails because he has "offer[ed] absolutely no proof of any conspiracy . . . whatsoever."

[4]Jemison's pending motion to permit inclusion of an appendix in his reply brief, and the defendants' pending motions to strike Jemison's memorandum in support of his motion to permit inclusion of an appendix in his reply brief, and its motion for sanctions against Jemison and his attorney are DENIED.

6